**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUSHAN STEPHAN NICKOLICH, II,

Plaintiff-Appellant,

v.

SHANDA PAYNE, Administrative Director;
DAVE YOUNG, Health Program Manager
III; ALMA MANCILLA, Resident Program
Specialist II,

Defendants-Appellees.

No. 22-15152

D.C. No. 2:21-cv-01702-ROS-JFM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted March 14, 2023**

Before: SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Arizona civil detainee Dushan Stephan Nickolich, II, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a due

process violation in connection with an incident report. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Nickolich's action because Nickolich failed to allege facts sufficient to demonstrate an injury in fact. *See Lujan v. Defs. Wildlife*, 504 U.S. 555, 560-61 (1992) (explaining that constitutional standing requires an "injury in fact," causation, and redressability; "injury in fact" refers to "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Nickolich's contention that the district court mischaracterized him as a prisoner and prejudiced him in future cases by describing him as a "frequent litigant."

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

22-15152